Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILKYN A.C., | Civil Action No. 21-13763 (BRM) |
| Petitioner, | |
| v. | **OPINION** |
| ALEJANDRO MAYORKAS, et al., | |
| Respondent. | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner, an immigration detainee, has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 and an emergency motion for a temporary restraining order ("TRO"). (ECF No. 1 & 1-1.) Petitioner seeks a writ to stay his removal.[1] For the reasons stated the Court dismisses the Petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is a citizen of the Dominican Republic. (ECF No. 1-1 at 1.) Petitioner was detained on June 29, 2021 by Respondents. (*Id.*) Petitioner submits he has an I-130 petition pending, an I-914 petition pending, an I-485 application pending, an I-601 waiver application pending, an I-212 waiver application pending, and an I-192 waiver application pending. (*Id.* at 2-3.) Petitioner submits if his pending petitions and applications are approved, he will be admitted to the United States as a lawful permanent resident. (*Id.* at 3.)

On July 16, 2021, Petitioner filed the instant Petition, seeking a stay of his removal pending the outcome of his various pending petitions.

---

[1] Petitioner does not explicitly state whether he is being discretionarily detained under 8 U.S.C. § 1226(a), mandatorily detained under § 1226(c), or has a final order of removal pursuant to pursuant to § 1231.

## II. ANALYSIS

As discussed, Petitioner requests that this Court stay his removal. This Court, however, lacks jurisdiction to stay his removal or otherwise review the propriety of his order of removal. The REAL ID Act provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphases added).

Accordingly, this Court lacks jurisdiction to review a habeas petition challenging an order of removal. *See, e.g., Urquiaga v. Hendricks*, No. 12-2368, 2012 WL 5304206, at *2 (D.N.J. Oct. 25, 2012) (citing *Khouzam v. Attorney Gen. of United States*, 549 F.3d 235, 244–45 (3d Cir. 2008)); *see also Jordon v. Attorney Gen. of United States*, 424 F.3d 320, 326 (3d Cir. 2005) (finding that the REAL ID ACT "expressly eliminated district courts' habeas jurisdiction over removal orders").

Further, as the Third Circuit has held, § 1252(a)(5) eliminated "not only habeas corpus review of final orders of removal, but also review pursuant to the All Writs Act." *In re Codner*, 643 F. App'x 214, 218 (3d Cir. 2016) (citing 8 U.S.C. § 1252(a)(5)). Consequently, this Court lacks jurisdiction to review the challenge to his order of removal.

Instead, § 1252(g) of the REAL ID Act, in conjunction with § 1252(a)(5), quoted above, effectively require petitioners to seek a stay administratively or in the Court of Appeals:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [ (the All Writs Act) ] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

As a result, district courts throughout the country have found that the REAL ID Act bars them from "staying removal, even when the court might otherwise have jurisdiction over the claims." *See, e.g., Mateo L. A. v. Nielson*, No. 19-6609, 2019 WL 1003408, at *2 (D.N.J. Feb. 28, 2019) (collecting cases); *see also Fermin v. United States*, No. 17-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order or a request for a stay of that Order could be entertained only by the Court of Appeals").

Accordingly, this Court lacks jurisdiction to stay Petitioner's order of removal or otherwise hear a challenge to that order. *Fredy L. B. V. v. Barr*, No. 19-10528, 2019 WL 1772404, at *4 (D.N.J. Apr. 23, 2019).

**III. CONCLUSION**

For the reasons stated above, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order accompanies this Opinion.

Dated: July 16, 2021

_____
BRIAN R. MARTINOTTI, USDJ